UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| PATRICK ROBERTS, Plaintiff | CIVIL ACTION NO. 1:16-CV-00849 |
|---|---|
| VERSUS | CHIEF JUDGE DRELL |
| VANTAGE DEEPWATER DRILLING, INC. Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

### I. Background

On March 27, 2017, following briefing and a hearing, the Court granted Plaintiffs' request for attorney fees under Fed. R. Civ. P. 37. (Doc. 27). The Court further ordered that Defendant submit competent and adequate evidence of attorney's fees and costs incurred in the filing of the Motion to Compel and for Attorney Fees (Doc. 21).

Counsel for Defendant filed an affidavit and exhibit evidencing a total of $5,145.00 in attorney fees. (Doc. 31). That figure is based upon the individual hourly rates of two attorneys who worked to prosecute the Motion to Compel: Timothy W. Strickland Stacey T. Norstrud. Strickland worked a total of 13.1 hours, resulting in $2,930.00 in legal fees. Finding some reductions in defense counsel's suggested rates and hours appropriate, the Court awards defense counsel $3,820.00 in attorney's fees.

### II. Law and Analysis

Under Fed. R. Civ. P. 37(a)(5), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." In fixing reasonable attorney's fees, the Court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate to be assigned each hour. See La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 323-24 (5th Cir. 1995). Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." Adams v. City of New Orleans, No. CIV.A. 13-6779, 2015 WL 4606223, at *3 (E.D. La. July 30, 2015).

Recent attorneys' fees awards in this district include: $160.00 (Pitre v. City of Eunice, No. 6:14-CV-02843, 2015 WL 4459964 (W.D. La. July 21, 2015) (attorneys based in Lafayette, LA, with approximately 30 and 15 years of experience)); $275.00 (Dugas v. Mercedes-Benz USA, LLC., No. 6:12-CV-02885, 2015 WL 1198604 (W.D. La. March 16, 2015) (Lafayette-based attorney with 15 years of experience who originally requested $450.00 per hour)); $225.00 (Campbell v. Harold Miller, Jr. Trucking & Paving, LLC, Civ. No. 6:13-2840, 2014 WL 6389567 (W.D. La. Nov. 13, 2014) (attorney based in Lafayette with approximately 20 years of experience)); and $200.00 and $185.00 (Cash v. Unocal Corp., Civ. No. 6:04-1648, 2014 WL 2980589 (W.D. La. May 27, 2014) (Metairie, Louisiana-based attorneys with approximately 30 and 15 years of experience)).

The suggested hourly rates of $300.00 for partners and $225.00 for associate attorneys fall at the high end of rates normally awarded in this district. However, Strickland and Norstrud practice in Houston, which is in the Southern District of

Texas. Prevailing rates in that district are generally higher than rates charged in this district. See, e.g., Gomez v. Nationwide Prop. & Cas. Ins. Co., 5:15-CV-67, 2016 WL 6816219, at *2 (S.D. Tex. Apr. 25, 2016) (Laredo, Texas, awarding an hourly rate of $180.00 for an attorney with approximately 8 years of experience); Dean v. Wells Fargo Bank, N.A., 2:14-CV-304, 2016 WL 126413, at *2 (S.D. Tex. Jan. 12, 2016) (Corpus Christi, Texas, reducing a suggested hourly rate of $297.00 to $250.00); Healix Infusion Therapy, Inc. v. Smith, M.D., P.C., CIV.A. H-09-2776, 2011 WL 4526551, at *2 (S.D. Tex. July 7, 2011), report and recommendation adopted, CIV.A. H-09-2776, 2011 WL 4526671 (S.D. Tex. July 28, 2011) (Houston, Texas, awarding $250.00 per hour to in-house counsel as a "market rate"). Nonetheless, the Court feels that a slight reduction in the suggested rates is appropriate. The Court will award Strickland a rate of $275.00 per hour, and Norstrud a rate of $200.00 per hour.

The Court must also determine whether the total hours claimed by counsel were reasonable in light of the facts of the case and the work performed. Pitre, 2015 WL 4459964 (citations omitted). Here, Strickland lists 13.1 total hours of work, 9.7 hours of which were spent preparing for, traveling to, and participating in the motion hearing, as well as "discussion with client regarding status" following the hearing. (Doc. 31-1). Because parties must be afforded "an opportunity to be heard" before fees may be awarded under Fed. R. Civ. P. 37, the hearing was necessitated by the motion to compel. The Court will reduce Strickland's additional charges: 1.9 hours analyzing, revising, and discussing the motion will be reduced to 1 hour; 1.3 hours preparing for hearing on the motion to compel will be reduced to .5 hours; and .2 hours spent discussing the status of the motion to compel will be stricken.

Accordingly, Strickland will be credited with 11.2 hours of work at $275.00 per hour, for a total of $3,080.00 in attorney's fees.

Norstrud lists a total of 5.4 hours of work, 4.7 hours of which were spent drafting, revising, and filing the motion to compel and reviewing local rules. This total is reduced to 3 hours. Norstrud also spent .7 hours reviewing and compiling exhibits. Thus, Norstrud will be credited with 3.7 hours of work at $200.00 per hour, for a total of $740.00 in attorney's fees.

Finally, Plaintiff's failure to maintain contact with his attorney caused the breakdown in the discovery process which preceded the motion to compel. Therefore, Plaintiff – and not Plaintiffs' counsel – is responsible for the fees incurred by defense counsel.

### III. Conclusion

IT IS ORDERED that on or before August 15, 2017, plaintiff shall remit $3,820.00 to counsel for Defendants.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_15th\_\_ day of June, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4