c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK ROBERTS, Plaintiff | CIVIL ACTION NO. 1:16-CV-00849 |
| VERSUS | JUDGE DRELL |
| VANTAGE DEEPWATER DRILLING, INC. Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Abuse of Discovery (Doc. 40) filed by Defendant Vantage Deepwater Drilling, Inc. ("Vantage"). Plaintiff Patrick Roberts ("Roberts") opposes the motion. (Doc. 46). For the reasons below, the Court recommends Roberts's claims against Vantage be dismissed with prejudice.

I. Background

Roberts filed claims against Vantage under the Jones Act for negligence and maintenance and cure benefits. (Doc. 1). Roberts alleges he sustained injuries on September 12, 2015, when he tripped and fell on a floor tile in the electrical room aboard the vessel Titanium Explorer operated by Vantage. (Doc. 1). Roberts alleges he suffered injuries to his lumbar, thoracic, and cervical spine; chest and rib cage; shoulder; and other parts of his body. (Doc. 1).

On September 12, 2016, this Court entered a Scheduling Order (Doc. 15) accepting the parties' proposed Plan of Work (Doc. 16), with modification of the initial

1

disclosure deadline. Vantage alleges that on May 13, 2016, it initiated maintenance and cure payments to Roberts subject to a reservation of rights. (Doc. 40).

On October 4, 2016, Vantage served Roberts with Interrogatories and Requests for Production (Doc. 40). On February 2, 2017, after receiving no response from Roberts, Vantage filed a Motion to Compel, and in the alternative a Motion to Dismiss, and a Motion for Attorney Fees. (Doc. 21). On February 13, 2017, Roberts served discovery responses to Vantage. (Doc. 40-2). Vantage alleges Roberts's discovery responses were "wholly inadequate," and, to date, do not contain a certificate of service or verification of truthfulness despite numerous written requests. (Doc. 40). Roberts provided executed authorizations on February 13, 2017, and on March 28, 2017. (Doc. 40).

The Court held a hearing on March 21, 2017 on Vantage's Motion to Compel. On March 27, 2017, the Court entered an order that granted in part and denied as moot in part the Motion to Compel. (Doc. 27). Vantage's motion was denied as moot on the basis that Roberts had produced all requested discovery. (Doc. 27). The request for attorney's fees and expenses incurred in filing the motion was granted. (Doc. 27). The Court ordered Roberts to pay Vantage's attorneys' fees. (Doc. 34).

Vantage stated at the hearing it had concerns that Roberts's responses may reopen the door to additional discovery. (Doc. 27). Therefore, the Court also extended the plan of work deadlines by six months to allow time for additional discovery to be conducted. (Doc. 27). Vantage alleges that since that date, the Court also extended

the expert deadlines to July 17, 2017, for Roberts's experts, and to August 7, 2017, for Vantage's experts. (Docs. 33, 51).

On August 10, 2017, Vantage filed this Motion to Dismiss. (Doc. 40). Vantage alleges that Roberts has repeatedly and intentionally failed to comply with the Federal Rules of Civil Procedure regarding discovery despite a prior motion to compel and sanctions in the form of attorneys' fees awarded by this Court. (Doc. 40). Vantage further alleges that even after subsequent discovery was propounded, Roberts has continued to delay, withhold and partially produce discovery responses. (Doc. 51). Vantage claims the delays and inadequacies became abundantly clear at Roberts's deposition, taken on July 25, 2017. (Doc. 51).

Vantage claims Roberts's continued abuse of discovery has resulted in significant expenses and prejudice to Vantage in defending this case. (Doc. 40). Vantage asserts that it has been prejudiced in its ability to properly investigate Roberts's claims, to provide necessary documents to experts, and to comply with the Court's expert deadlines.[1] (Doc. 51).

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss

Federal Rule of Civil Procedure 37(b)(2) provides that when "a party…fails to

---

[1] On August 31, 2017, Roberts filed a Motion to Strike/Motion in Limine and Motion for Sanctions. (Doc. 47). On August 2, 2017, this Court suspended the deadline for Vantage's exchange of expert reports by August 7, 2017, pending further ruling on the motion to be made by defendant. (Doc. 36). Now Roberts seeks to strike any expert identified after the deadline of August 7, 2017 as untimely. (Doc. 47).

3

obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Such further just orders include an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41 covers a much broader set of circumstances, providing generally that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see Dominguez v. Crosby Tugs, L.L.C., 16-31239, 2017 WL 3271117, at *2 (5th Cir. Aug. 1, 2017) (per curiam).

"Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190 (5th Cir. 1992). Thus, the Fifth Circuit has limited the court's discretion to dismiss claims with prejudice. Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008). A district court's dismissal with prejudice is warranted only where a "clear record of delay or contumacious conduct by the plaintiff exists and a lessor sanction would not better serve the interests of justice." Id.

Additionally, where the Fifth Circuit has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Millan v. USAA Gen. Indem. Co., 546 F.3d

321, 326 (5th Cir. 2008) (quoting Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986).

> **B. Roberts's claims against Vantage should be dismissed with prejudice for abuse of discovery.**

Dismissal of all of Roberts's claims against Vantage is proper under Rules 37 and 41(b) of the Federal Rules of Civil Procedure. The Court imposed sanctions of attorneys' fees on Roberts in granting Vantage's Motion to Compel. (Doc. 34). Yet, Vantage has shown Roberts has since failed to provide complete, accurate, or truthful responses to discovery.

The record shows Roberts failed to provide complete, accurate, and timely responses to discovery, specifically regarding his earnings, prior and subsequent employment, criminal history, medical status, and pre-existing and subsequent injuries. (Doc. 40). Roberts's deposition testimony revealed he was in possession of and had knowledge of the requested information, but did not disclose the information. (Doc. 40-3). Roberts did not disclose a 2016 automobile accident, his 2016 employment with Saipem in Saudi Arabia, his subsequent and pre-existing medical treatment and conditions, and his application for disability benefits. (Doc. 40-3).

On August 16, 2017, following Roberts's deposition, Vantage requested Roberts immediately provide the information which was the subject of its prior discovery requests: copies of Roberts' application and employment contract for his employment with Siapem from October 1, 2016 to September 30, 2017; Saipem documentation regarding pay during his Leave of Absence April 2017 to present; names of all physicians and facilities for which he received treatment relating to his June 2016

motor vehicle accident; the name of the clinic/facility in Lafayette, Louisiana Roberts attended for his pre-employment OGS Medical Screening for his employment with Saipem around September 2016; correspondence or records sent to or received from the Social Security Administration – Disability Division by Roberts relating to a disability claim around June 2016; and a list of all companies Mr. Roberts applied to for means of employment in the last year.

Roberts provided supplemental responses through his attorney on August 24, 2017. (Doc. 46). However, it is clear that discovery is still incomplete. Vantage still seeks an IME of Roberts, and has been unable to provide complete and necessary information to its retained experts to evaluate Roberts's experts' reports. This is notwithstanding the previous sanctions against Roberts, and the Court granting an additional six (6) months to conduct discovery, now expired. Vantages' expert reports were due August 7, 2017, but the deadline was suspended pending the ruling on this Motion. (Doc. 36). Vantage, thus, has been prejudiced in its ability to investigate Roberts's claims.

As with Rule 26(a)(1) initial disclosures, parties and their attorneys have a duty to timely supplement or correct answers to discovery if they learn "that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Additionally, for the purposes of Rule 37(a), an evasive or incomplete disclosure,

6

answer, or response must be treated as a failure to disclose or respond. Fed. R. Civ. P. 37(a)(4).

If a party fails to provide information or disclose a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or instead of this sanction, Rule 37(c) permits a court to dismiss a non-complying plaintiff's action. Fed. R. Civ. P. 37(c)(1). Further, a court may dismiss an action under Rule 41(b) for plaintiff's failure to prosecute or comply with these rules or a court order. Fed. R. Civ. P. 41(b).

Roberts was deposed on July 25, 2017. (Doc. 40-3). The deadline for employment of experts expired on July 17, 2017. (Doc. 33). The deadline for discovery expired on August 15, 2017. (Doc. 26). The deadline for expert depositions expired on September 1, 2017. (Doc. 26). Roberts's deposition revealed additional injuries and treatment not previously disclosed by Roberts in his responses to discovery. (Docs. 40-2, 40-3). Vantage has shown that throughout the discovery process, Roberts has withheld relevant information within his possession in responding to discovery. (Docs. 40, 50). Delay in this case has prejudiced Vantage. Further, Vantage has shown that Roberts testified he had knowledge of relevant information and did not produce the requested information, nor supplement the requested information. (Doc. 40-3). The delay was caused by Roberts himself.

7

Roberts was under a duty, both before and after the close of discovery, to supplement his initial disclosures and responses to discovery in a timely manner. Fed. R. Civ. P. 26(e). Roberts failed to do so. Rule 26 violations are sanctionable under Rule 37(c). Fed. R. Civ. P. 37(c). Rule 37 gives the Court discretion to impose appropriate sanctions, including dismissal, unless the failure to provide information was substantially justified. Fed. R. Civ. P. 37(c). Roberts has provided no substantial justification for his failure to provide complete and timely responses.

There is a "clear record of delay or contumacious conduct" by Roberts, and a "lessor sanction would not better serve the interests of justice." Millan, 546 F.3d at 326. At the hearing on Vantage's Motion to Compel on March 21, 2017, the Court clearly instructed counsel for Roberts that additional discovery violations would likely result in dismissal. The Court did so because of the length, nature, and extent of Roberts's discovery violations to this point, and utter absence of justification for Roberts's missteps. The Court's warning – along with its sanction – should have been adequate warning to Roberts. Apparently they were not. And Roberts's attorney is not to blame.

This motion was filed after Vantage learned of information through Roberts's July 25, 2017 deposition which required additional discovery. (Doc. 40). Vantage has shown Roberts possessed the information he failed to disclose. (Doc. 40). Notably, this was four months after the Court's admonition and sanctions against Roberts. It is clear lesser sanctions have had no deterrent effect. Additionally, Vantage's ability to defend this suit has been prejudiced by Roberts's failure to provide accurate and

8

complete responses to discovery that was propounded over a year ago. In light of these factors, dismissal is appropriate.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Vantage's Motion to Dismiss for Abuse of Discovery (Doc. 40) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Roberts's Complaint be **DISMISSED with prejudice** in accordance with the provisions of Fed. R. Civ. P. 37(b) and 41(b).

**IT IS FURTHER RECOMMENDED** that the Motion to Strike/Motion in Limine and For Sanctions (Doc. 47) be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __16th__ day of November, 2017.

                                                                        _____
                                                                        Joseph H.L. Perez-Montes
                                                                        United States Magistrate Judge